UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, A TRUSTEE FOR
SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2004-
NC1,**

  *Plaintiff*,

**v.**

**SATURNINO MANDUJANO, JR.,
ALFREDO MANDUJANO,
ESPERANZA MANDUJANO LERMA,
OLGA MANDUJANO VALLES,
FRANCISCO RAMIREZ III,
GIANCARLO REYES, CARLO
REYES, ANGELICA BAEZ,**

  *Defendants*.

**CASE NO.  SA-23-CV-01098-JKP**

**ORDER DENYING
MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2004-NC1's ("Deutsche Bank") Motion for Default Judgment. *ECF No. 22*. When Defendants did not respond, this Court entered a Show Cause Order. *ECF No. 23*. Defendant Saturnino Mandujano responded to the Show Cause Order. *ECF No. 24.* Upon consideration, the Motion for Default Judgement is DENIED.

**Undisputed Factual Background**

Deutsche Bank filed the Complaint in this case on August 31, 2023, against Defendants Saturnino Mandujano, Jr., Alfredo Mandujano, Esperanza Mandujano Lerma, Olga Mandujano Valles, Francisco Ramirez III, Giancarlo Reyes, Carlo Reyes, and Angelica Baez (collectively "Defendants") to obtain declaratory judgment that Deutsche Bank was the holder of a note

securing certain property (the "Property") and allowing foreclosure of Deutsche Bank's security interest. *ECF No. 1*. Summons were served on all Defendants at separate times between September 2023 and March 2024. *ECF Nos. 3,4,11-18*. None of the Defendants answered or otherwise responded to the Complaint, and no counsel entered an appearance on any Defendant's behalf. Deutsche Bank then requested, and the Clerk of Court entered, default on April 12, 2024. *ECF Nos. 20,21*. Deutsche Bank filed this Motion for Default Judgment on April 26, 2024, and this court entered a Show Cause Order on April 29, 2024, ordering Defendants to file an Answer and show cause why default judgment should not be entered against them. *ECF No. 23*. Defendant Saturnino Mandujano (Mandujano), proceeding pro se, responded to this Court's Show Cause Order, but no Defendant filed an Answer.

## Legal Standard

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of*

*Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F.Supp.3d at 814. Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

**Discussion**

In response to this Court's Show Cause Order, Mandujano provides ample reason for his failure to answer and for his lack of communication. Mandujano also provides basis to dispute the facts as stated in the Complaint. As stated in the Complaint, Mandujano does not dispute that on December 12, 2003, his mother, Zulema Mandujano executed a Texas Home Equity Note for $58,800.00 bearing interest at the rate of 8.750% per annum, originally payable to New Century Mortgage Corporation as lender on a loan secured by the Property. *ECF No. 1, exh. A*. Concurrently with the Note, borrower and Zulema Mandujano executed a Texas Home Equity Security Instrument granting New Century Mortgage Corporation a security interest in the Property. *ECF No. 1, exh. B*. Subsequently, New Century Mortgage Corporation transferred and assigned the Loan Agreement to Deutsche Bank. *ECF No. 1, exh. C*. Thus, Deutsche Bank is the current holder of the Note, beneficiary of the Security Instrument, and mortgagee of the Loan Agreement.

Mandujano does not dispute that on April 29, 2022, Zulema Mandujano passed away. The named Defendants are Zulema Mandujano's known heirs. Mandujano presents to the Court that he lived in the Property with Zulema Mandujano. Mandujano represents to the Court that in her Last Will and Testament, Zulema Mandujano left to him until he passed, the Property subject to any outstanding debt, as well as her automobile and all of her belongings in the Property. *ECF No. 24*. Mandujano represents to the Court the Independent Executor named in Zulema's Will does not intend to proceed with a probate of her estate. For this reason, Mandujano made payments on the loan to the mortgage servicing agent, New Rez a/k/a PHH Mortgage Services, in the amount of $580 per month. *Id*. Mandujano provides as support for these representations: Zulema's death certificate, a copy of Zulema's Last Will and Testament, and financial statements

showing he did make payments of $580 per month beginning in March 2023 to the present date. *Id.* at sealed attachment 1. Further, the Court's review of the docket reveals Deutsche Bank requested and was granted abatement of this case beginning in September 2023 to January 2024 because "the subject loan [was] undergoing loss mitigation."

The Court finds Mandujano's Response to the Show Cause Order, the representations presented in the Response and proof provided, and the history of this case, all provide ample basis to deny the Motion for Default Judgment. Consequently, under these circumstances, the Court declines to exercise its discretion to issue a default judgment in favor of Deutsche Bank.

In addition, Mandujano has now appeared and expresses sincere intent to resolve this matter as well as provides proof of his consistent payments on the subject loan. Construing his pro se Response liberally to do justice, based upon the statements made and the proof provided, the Court will construe Mandujano's Response to the Show Cause Order as an Answer to the Complaint.[1] *See* Fed. R. Civ. P. 8(e).

**Conclusion**

For the reasons provided, the Court **DENIES** the Motion for Default Judgment. *ECF No. 22*. The Court **DIRECTS** the parties to confer **on or before June 30, 2024**, to discuss whether this case may be suitable for early mediation with a United States Magistrate Judge. Following this conference, Deutsche Bank shall file an appropriate joint or unopposed motion seeking such a mediation referral if the parties agree that this case is suitable for such mediation. Upon the filing of such a motion, this case will be automatically stayed pending resolution of mediation.

---

[1] To comply with Federal Rule of Civil Procedure 8(b), "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. CIV. P. 8(d)(1). In addition, "[p]leadings must be construed so as to do justice." Fed. R. CIV. P. 8(e). The purpose of Rule 8 is to ensure that the plaintiff is aware of the allegations in the Complaint that the defendant admits and those that he contests, so the plaintiff knows what he will need to prove at trial. *See Wieck v. Synrg. Royce LLC*, No. A-17-CV-599, 2018 WL 3611880, at *1 (W.D. Tex. Jan. 30, 2018); *Bruce v. Anthem Ins. Cos., Inc.*, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015).

The Clerk of Court shall docket Mandujano's Response to this Court's Show Cause Order (ECF No. 24) as his Answer to the Complaint.

The Clerk of Court shall mail a copy of this Order to Saturnino Mandujano's address provided with his Response.

The Court **DIRECTS Saturnino Mandujano to file an advisory with the Court** on or before **May 30, 2024**, to provide an email or contact information by which Deutsche Bank may contact him to discuss possible mediation.

It is so ORDERED.
SIGNED this 15th day of May, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE