UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DEUTSCHE BANK NATIONAL TRUST COMPANY, A TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2004-NC1,

   *Plaintiff*,

v.

SATURNINO MANDUJANO, JR., ALFREDO MANDUJANO, ESPERANZA MANDUJANO LERMA, OLGA MANDUJANO VALLES, FRANCISCO RAMIREZ III, GIANCARLO REYES, CARLO REYES, ANGELICA BAEZ,

   *Defendants*.

Case No. SA-23-CV-01098-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Deutsche Bank National Trust Company's (Deutsche Bank) Motion for Default Judgment and Motion for Summary Judgment. *ECF No. 52*. Defendant Saturnino Mandujano did not respond to the Motion for Summary Judgment, and no other Defendant responded to the Motion for Default Judgment. Upon consideration, the Court **GRANTS** the Motion for Summary Judgment and **GRANTS** the Motion for Default Judgment. The Clerk of Court is **DIRECTED to CLOSE** this case upon entry of the separate Final Judgment.

### Undisputed Factual Background

Deutsche Bank filed the Complaint in this case on August 31, 2023, against Defendants Saturnino Mandujano, Jr., Alfredo Mandujano, Esperanza Mandujano Lerma, Olga Mandujano Valles, Francisco Ramirez III, Giancarlo Reyes, Carlo Reyes, and Angelica Baez (collectively

"Defendants") to obtain declaratory judgment that Deutsche Bank was the holder of a note securing certain property (the "Property") and allowing foreclosure of Deutsche Bank's security interest. *ECF No. 1*. Summons were served on all Defendants at separate times between September 2023 and March 2024. *ECF Nos. 3,4,11-18*. None of the Defendants answered or otherwise responded to the Complaint, and no counsel entered an appearance on any Defendant's behalf. Deutsche Bank then requested, and the Clerk of Court entered, default on April 12, 2024. *ECF Nos. 20,21*. Deutsche Bank filed its first Motion for Default Judgment on April 26, 2024, and this Court entered a Show Cause Order on April 29, 2024, ordering Defendants to file an Answer and show cause why default judgment should not be entered against them. *ECF Nos. 22,23*.

Saturnino Mandujano (Mandujano), proceeding pro se, was the only defendant who responded to this Court's Show Cause Order, but no Defendant filed an Answer. On May 15, 2024, this Court denied the first Motion for Default Judgment finding that in response to the Show Cause Order, Mandujano provided ample reason for his failure to answer and for his lack of communication and provided basis to dispute the facts as stated in the Complaint. *ECF No. 25*. Finding Mandujano appeared and expressed sincere intent to resolve this matter as well as provided proof of his consistent payments on the subject loan, this Court construed his pro se Response to the Show Cause Order liberally to do justice. *Id*. Based upon the statements made and the proof provided, the Court construed Mandujano's Response to the Show Cause Order as an Answer to the Complaint. *Id*.; *see* Fed. R. Civ. P. 8(e).

The Court directed the parties to confer on or before June 30, 2024, to discuss whether this case may be suitable for early mediation with a United States Magistrate Judge. *Id*. Further, following this conference, this Court directed Deutsche Bank to file an appropriate joint or unopposed motion seeking such a mediation referral if the parties agreed this case is suitable for

such mediation. *Id*. Upon the filing of such a motion, this Court directed the case will be automatically stayed pending resolution of mediation. *Id*. The parties followed the Court's direction, and this case was stayed pending mediation. Following a failure to find resolution, this case was reopened on December 20, 2024, and a Scheduling Order entered. *ECF Nos. 35, 42*.

Deutsche Bank then filed the pending Motion for Summary Judgment against Saturnino Mandujano and Motion for Default Judgment against the non-answering Defendants. *ECF No. 52*. Saturnino Mandujano did not respond to the Motion for Summary Judgment. The Court issued an Order on November 5, 2025, providing Saturnino Mandujano a final opportunity to respond to the Motion for Summary Judgment until **November 17, 2025**. *ECF No. 53*. The Court cautioned Mr. Mandujano that if he did not file a Response on or before November 17, 2025, the Court would review the pending Motions, and the cause could be dismissed. *Id*. Saturnino Mandujano did not respond to the Motion for Summary Judgment, and no Defendant responded to the Motion for Default Judgment.

Because the Court provided all Defendants ample opportunity to appear and respond in this action, the Court will consider both the pending Motion for Summary Judgment against Saturnino Mandujano and the Motion for Default Judgment against the non-answering Defendants as unopposed. *ECF No. 52*.

### I.     MOTION FOR DEFAULT JUDGMENT

#### Legal Standard

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against

the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to as-

sume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F.Supp.3d at 814. Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

## Discussion

The record reveals every Defendant EXCEPT Saturnino Mandujano failed to file an Answer by the appropriate deadline and failed to otherwise appear or defend this action. The Clerk of Court issued an Entry of Default against the non-answering Defendants, satisfying the first two procedural requisites for a default judgment. *ECF Nos. 20,21,43,44*. Deutsche Bank then filed a previous Motion for Default Judgement and this pending Motion for Default Judgment. *ECF Nos. 22, 52.*

**Step One: Whether Default Judgment Is Appropriate**

Federal Rule 55 permits a default judgment as the consequence of failure to answer should other circumstances also support this harsh remedy. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973). The record reveals the Court gave the non-answering Defendants ample notice and opportunity to file an Answer or otherwise appear as required by Rule 55. The record also reveals the non-answering Defendants failed to respond to the Court's Show Cause Orders to provide good cause for their failure to answer. *See ECF Nos. 23,53*. In addition, the non-answering Defendants are not in active-duty military status. *See ECF No. 52, exhs. A, A-1, A-2, A-3, A-4, A-5, A-6, and A-7*.

Such failure to file an Answer or to respond to a court order constitutes sufficient grounds for a default judgment. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928 (1968).

Because the non-answering Defendants failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See Lindsey*, 161 F.3d at 893; *see also Nishimatsu Constr.*, 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F.Supp.3d 817, 824–25 (W.D. Tex. 2020). The non-answering Defendants' failure to respond threatens to prejudice Deutsche Bank's undisputed interest. *See id*. Nothing before the Court indicates the non-answering Defendants' silence is the result of a good faith mistake or excusable neglect, and Deutsche Bank seeks only declaratory judgment. *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F.Supp.3d at 824–25.

For these reasons, the Court finds default judgment is procedurally warranted.

**Step Two: Whether There is a Sufficient Basis in the Pleadings for Default Judgment**

Due to the entry of default, the non-answering Defendants are deemed to have admitted the allegations outlined in the Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether Deutsche Bank plead a sufficient basis for a favorable ruling on its request for declaratory relief under Federal Rule 8. *See id.*

Deutsche Bank seeks declaratory judgment stating:

a. [Deutsche Bank] is the owner and holder of the Note and beneficiary of the Deed of Trust and that [Deutsche Bank] is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. [Deutsche Bank's] statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants is [sic] divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property.

6

*ECF No. 1*.

To foreclose under a security instrument with a power of sale, the party is required to show: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013), aff'd 583 F.App'x. 306 (5th Cir. 2014).

In the Complaint, Deutsche Bank set forth facts, now deemed as true based upon Defendants' failure to answer. Deutsche Bank demonstrates that on December 12, 2003, borrower and Decedent Zulema Mandujano executed a Texas Home Equity Note for $58,800.00 bearing interest at the rate of 8.750% per annum, originally payable to New Century Mortgage Corporation as lender on a loan secured by the Property. *ECF No. 1, exh. A*; *ECF No. 52, exhs. B, B-1*. Concurrently with the Note, borrower and Decedent Zulema Mandujano executed a Texas Home Equity Security Instrument granting New Century Mortgage Corporation a security interest in the Property. *ECF No. 1, exh. B; ECF No. 52, exhs. B, B-2*. Subsequently, New Century Mortgage Corporation transferred and assigned the Loan Agreement to Deutsche Bank. *ECF No. 1, exh. C*. Thus, Deutsche Bank is the current holder of the Note, beneficiary of the Security Instrument, and mortgagee of the Loan Agreement.

On April 29, 2022, Zulema Mandujano passed away. It is undisputed that no probate was ever opened for her estate. Therefore, there is no personal representative of her estate to be made a party to this action. Defendants are Zulema Mandujano's known heirs. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Zulema Mandujano's heirs acquired her interest in the Property immediately upon her death, subject to any debt owed.

Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. *ECF No. 1, exh. A*; *ECF No. 52, exhs. B, B*-1. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement. *Id*. The Loan Agreement is currently due for the May 1, 2022, payment and all subsequent monthly payments. A Notice of Default was sent via certified mail to Zulema Mandujano, in accordance with the Loan Agreement and the Texas Property Code on July 28, 2022. *ECF No. 1, exhs. D,E; ECF No. 52, exhs. B-4, B-5, B-6*. Defendants failed to abide by the terms of the Loan Agreement and failed to make required payments under the same. The default was not cured, and the maturity of the debt was accelerated. Notice of Acceleration of Loan Maturity was sent via certified mail to Zulema Mandujano at the Property address in accordance with the Loan Agreement and the Texas Property Code on September 12, 2022. *Id*.

Based upon these facts deemed as true, the Court concludes a debt exists; the debt is secured by a lien created under Texas law; Zulema Mandujano is in default; and (4) all parties with interest in the Property were properly served with notice of default and acceleration. *See Huston*, 988 F.Supp.2d at 740. In accordance with Texas Rule of Civil Procedure 54, Deutsche Bank performed all conditions precedent to enforce its security interest against the Property.

**Step Three: Form of Relief**

The burden is on Deutsche Bank to establish its entitlement to recovery. *Freeman*, 605 F.2d at 857. Deutsche Bank asks the Court for declaratory judgment declaring it is the owner and

holder of the Note and beneficiary of the Deed of Trust and as a mortgagee, it is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property. In addition, Deutsche Bank's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Zulema Mandujano's right, title, and interest to the Property. Deutsche Bank seeks costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

Based upon these alleged facts deemed as true, the Court concludes Deutsche Bank plead a sufficient basis for the requested declaratory relief and its right to seek foreclosure on the Property. Thus, the Court will grant Deutsche Bank's Motion for Default Judgment against the non-answering Defendants.

**II.    MOTION FOR SUMMARY JUDGMENT**

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not suffi-

10

cient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## Discussion

The only relief Deutsche Bank seeks in the Complaint is Declaratory Judgment and attorney fees. Deutsche Bank, as Plaintiff, now moves for summary judgment on this requested declaratory relief. In support, Deutsche Bank presents the following evidence: Exhibit B: Declaration of PHH Mortgage Services; Exhibit B-1: Note; Exhibit B-2: Deed of Trust; Exhibit B-3: Assignment; Exhibit B-4: Payment History; Exhibit B-5: Notice of Default; Exhibit B-6: Notice of Acceleration; Exhibit B-7: Payoff Statement.

### A.  Declaratory Judgment

The federal Declaratory Judgment Act does not create a substantive cause of action but,

instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984); 28 U.S.C. § 2201(a)). A plaintiff seeking declaratory relief, alone, must therefore allege a "definite and concrete [controversy], touching the legal relations of parties having adverse legal interests." *HSBC Bank USA, N.A. v. Balderrama,* No. EP-24-CV-42, 2025 WL 1914901, at *4 (W.D. Tex. Jan. 15, 2025)(quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

As discussed previously, in the Complaint, Deutsche Bank seeks a multi-faceted declaratory judgment stating: (1) it is the owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee, and; (2) as such; it is authorized to enforce its statutory probate lien against the Property, and (3) through foreclosure pursuant to the Loan Agreement, the Texas Property Code, and TEX. CONST. ART. XVI, § 50(a)(6)(D). *ECF No. 1*.

First, Deutsche Bank seeks declaration that it is the rightful mortgagee. However, this allegation does not present a straight-forward actual controversy because there is no indication that Deutsche Bank's status as mortgagee is in dispute. *See Val-Com Acquisitions Tr. v. Chase Home Fin., L.L.C.*, 428 F.App'x 364, 365 (5th Cir. 2011); *HSBC Bank USA, N.A. v. Balderrama,* 2025 WL 1914901, at *4. However, determination of rightful ownership is necessary to comprehensively resolve the foreclosure issue. Consequently, in similar cases seeking declaratory relief on this issue, Courts generally hold determination of mortgage status is an actual controversy when a party seeks to act pursuant to its alleged ownership. *See e.g.*, *HSBC Bank USA, N.A. v. Balderrama,* 2025 WL 1914901, at *4; *RSDC Holdings, LLC v. Steinberg*, No. 16-cv-9381, 2017 WL 117314, at *3 (E.D. La. Jan. 12, 2017); *Wilmington Trust, N.A. v. Amaro*, No. 19-cv-144, 2020

WL 5443364, at *4 (S.D. Tex. Aug. 20, 2020), *adopted*, 2020 WL 5441457 (Sept. 10, 2020).

Because, as discussed previously, Deutsche Bank presents summary judgment evidence demonstrating its status as the rightful mortgagee and because Mandujano fails to respond to present any dispute as to this issue, the Court may consider the fact as undisputed and such undisputed facts may form the basis for summary judgment. *See Broadcast Music*, *Inc.,* 2017 WL 782932, at *2. Accordingly, the Court finds declaratory relief in favor of Deutsche Bank stating Deutsche Bank is the rightful mortgagee of the Property to be proper. *See HSBC Bank USA, N.A. v. Balderrama,* 2025 WL 1914901, at *4; *Wells Fargo, N.A. v. Burrell as Tr. for Roosevelt Burrell, Jr. Tr.*, No. 4:24-CV-00098, 2024 WL 3378733, at *4 (N.D. Tex. July 11, 2024).

Next, Deutsche Bank's allegation that Zulema Mandujano breached the Loan Agreement, and, consequently, it has the right to foreclose on the Property constitutes a definite and concrete controversy. *See, e.g., HSBC Bank USA, Nat'l Ass'n v. Balderrama*, 2025 WL 1914901, at *4; *HSBC Bank USA v. Uresti*, No. 22-cv-301, 2024 WL 3451560, at *3 (S.D. Tex. May 30, 2024); *see also Doody v. Ameriquest Mortg. Co.*, 242 F.3d 286, 288 (5th Cir. 2001). As discussed previously, Deutsche Bank satisfied its summary judgment burden to show (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower, Zulema Mandujano, is in default; and (4) Zulema Mandujano was properly served with notice of default and acceleration. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d at 740; *Bokf, N.A. v. Logan*, No. 3:19-CV-2910, 2020 WL 1470803, at *4 (N.D. Tex. Mar. 26, 2020). Therefore, based upon the evidence presented, Deutsche Bank satisfies its summary judgment burden to establish its right to foreclose on the Property, through nonjudicial foreclosure. *See Wells Fargo Bank, N.A. v. Burrell as Tr. for Roosevelt Burrell, Jr. Tr.*, 2024 WL 3378733, at *4; *see also Douglas v. NCNB Tex. Nat'l*

*Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) ("Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default ....").

Upon this showing the burden shifts to Mandujano to raise a genuine dispute; however, Mandujano does not respond to the Motion for Summary Judgment. Because Mandujano fails to respond to present any dispute as to this issue, the Court may consider the fact as undisputed and such undisputed facts may form the basis for summary judgment. *See Broadcast Music*, *Inc.*, 2017 WL 782932, at *2. Accordingly, the Court finds declaratory relief in favor of Deutsche Bank stating Deutsche Bank has the right to foreclose on the Property to be proper. *See Wells Fargo, N.A. v. Burrell as Tr. for Roosevelt Burrell, Jr. Tr.*, 2024 WL 3378733, at *4.

Finally, Deutsche Bank seeks a declaration stating it has a statutory probate lien against the Property under the terms of the Loan pursuant to TEX. ESTATES CODE §§ 101.001, 101.051. Because determination of rightful ownership is necessary to comprehensively resolve the foreclosure issue, the Court will determine this issue. *See HSBC Bank USA, Nat'l Ass'n v. Balderrama*, 2025 WL 1914901, at *4.

Under Texas Estates Code §§ 101.001(b) and 101.051(b)(1), a "decedent's estate and its debts immediately pass to the decedent's heirs at law." *Ocwen Loan Servicing, LLC v. Deane*, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Id.*; *Bokf, N.A. v. Logan*, 2020 WL 1470803, at *4–5.

Through the summary judgment evidence presented and previously discussed, Deutsche Bank satisfies its burden to demonstrate it is the owner of the Note and beneficiary of the Deed of Trust. *See ECF No. 52, exhs. B, B-1, B-2*. The evidence establishes Deutsche Bank satisfied

the conditions precedent to foreclosure, and, as the mortgagee, Deutsche Bank is entitled to foreclose. The summary judgment and procedural history of the case establish Mandujano is an heir-at-law of Zulema Mandujano, the original mortgagee, and Mandujano received an interest in the Property upon Zulema Mandujano's death. As discussed previously, Deutsche Bank provides sufficient summary judgment evidence to demonstrate that Zulema Mandujano is in default, and Mandujano did not cure this default, and Deutsche Bank sent notice of both the default and the acceleration to Mandujano by sending him copies of the notice of default and the notices of intent to accelerate the debt. Mandujano did not cure the default or otherwise respond. Consequently, the summary judgment evidence establishes Deutsche Bank holds an unpaid claim against Zulema Mandujano's estate, which may be enforced through a statutory probate lien. *See ECF No. 52, exhs. B, B-1, B-2, B-3, B-4, B-5, B-6, and B-7*; *BOKF, N.A. v. Logan,* 2020 WL 1470803, at *4–5.

Upon this showing the burden shifts to Mandujano to raise a genuine dispute; however, Mandujano does not respond to the Motion for Summary Judgment. Because Mandujano fails to respond to present any dispute as to this issue, the Court may consider the fact as undisputed and such undisputed facts may form the basis for summary judgment. *See Broadcast Music*, *Inc.,* 2017 WL 782932, at *2. Accordingly, the Court finds declaratory relief in favor of Deutsche Bank stating it has a statutory probate lien against the Property under the terms of the Loan pursuant to TEX. ESTATES CODE §§ 101.001, 101.051 to be proper. *See BOKF, N.A. v. Logan,* 2020 WL 1470803, at *4–5.

### III.     ATTORNEY FEES

Deutsche Bank also requests court costs and reasonable attorney fees pursuant to that allowed in the Loan Agreement. *ECF No. 1*.

A borrower is liable for attorney fees in a foreclosure action where it was provided for in the terms of the mortgage agreement. *Bollinger & Boyd Barge Serv., Inc. v. Motor Vessel, Captain Claude Bass*, 576 F.2d 595, 596 n.2, 598 (5th Cir. 1978); *WMC3 v. Hodges*, No. 21-cv-410, 2023 WL 2058705, at *8 (E.D. Tex. Jan. 25, 2023), *adopted*, 2023 WL 2403150 (Mar. 7, 2023).

Deutsche Bank provides evidence of the Loan Agreement it entered with Zulema Mandujano. This Security Instrument provides that in the event of a default on the Note, Deutsche Bank may recover "all expenses incurred", including reasonable attorney fees and associated costs. *ECF No. 52, exh. B-1*.

The Court, therefore, finds Deutsche Bank could be authorized to recover the fees and costs as provided under the terms of the Agreement from any estate of Zulema Mandujano, as the original mortgagee, but not from the individual Defendant heirs because these parties did not enter into the Loan Agreement. Thus, Deutsche Bank's request for recovery of attorney fees and costs will be denied.

## Conclusion

For the reasons given, the Court **GRANTS** Plaintiff Deutsche Bank's Motion for Summary Judgment against Defendant Saturnino Mandujano and **GRANTS** Deutsche Bank's Motion for Default Judgment against the remaining non-answering Defendants. The Court **DENIES** Deutsche Bank's request for recovery of attorney fees and costs. The Clerk of Court is **DIRECTED to CLOSE** this case upon entry of the separate Final Judgment.

IT IS SO ORDERED.
SIGNED this 5th day of January, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE